

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**CARISSA DANESI**
ASSOCIATE
(516) 357-3565
Carissa.danesi@rivkin.com

January 9, 2023

**Via ECF**
Honorable Judge Lois Bloom
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Government Employees Ins. Company, et al. v. JP RX Corp. et al.*
           Docket No. 1:22-cv-01248-PKC-LB

Dear Magistrate Judge Bloom:

We represent Plaintiffs (collectively "Plaintiffs" or "GEICO") in the above-referenced matter. We respectfully submit this letter pursuant to Local Civil Rule 37.3 requesting an Order compelling Defendants JP RX Corp. ("JP RX") and Abudgani Nabiev ("Nabiev") (collectively "Defendants") to immediately provide full and complete responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents served on the Defendants on or about August 1, 2022 (collectively the "Discovery Requests"). Copies of GEICO's Discovery Requests are annexed hereto as Exhibit "1".

As set forth below, Plaintiffs have spent the past several months making extensive, good faith efforts to resolve this dispute – and secure the Defendants' compliance with basic discovery obligations – without the need for the Court's intervention. Unfortunately, those efforts have been unsuccessful.

Defendants have failed to provide any responses to Plaintiffs' First Set of Interrogatories and have failed to produce documents responsive to Plaintiffs' First Request for Production of Documents. As set forth above, Plaintiffs first served the Discovery Requests on August 1, 2022. After the Defendants failed to respond, they requested (at Plaintiffs' prompting) an extension to October 28, 2022. The Defendants did not, however, comply with the October 28 extended deadline. Instead, after Plaintiffs inquired as to the outstanding responses, the Defendants again requested an extension, this time to November 18. Again, Plaintiffs consented and, again, the Defendants failed to comply. After a series of unsuccessful attempts at reaching the Defendants' counsel, Plaintiffs finally spoke with the Defendants' counsel via phone on December 15, 2022. And, while the Defendants' responses were now long-overdue, Plaintiffs agreed to

66 South Pearl Street, 11th Floor     25 Main Street     477 Madison Avenue     2649 South Road
Albany, NY 12207-1533     Court Plaza North, Suite 501     New York, NY 10022-5843     Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199     Hackensack, NJ 07601-7082     T 212.455.9555 F 212.687.9044     T 845.473.8100 F 845.473.8777
T 201.287.2460 F 201.489.0495

Honorable Judge Lois Bloom
January 9, 2023
Page 2

yet another extension of the Defendants' time to respond, this time to December 19 for responses to requests for production, and January 6, 2023 for responses to interrogatories.[1]

The Defendants did, in fact, serve written responses to the August 1, 2022 requests for production – but no documents. And an inquiry by Plaintiffs as to when the Defendants would produce their responsive documents went unanswered. As for the interrogatories, the Defendants again ignored that deadline and, as of the submission of this application, have failed to provide written responses to Plaintiffs' interrogatories.

In this context, the Discovery Requests served by GEICO are material and relevant to this action – in which GEICO alleges that the Defendants, among other things, perpetuated and engaged in an unlawful insurance fraud scheme to defraud GEICO by submitting bills for fraudulent topical pain medications pursuant to illegal kickback arrangements and fraudulent protocols (see ECF No. 1, passim) – and the information sought is proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1); see United States ex rel. Rubar v. Hayner Hoyt Corp., 2018 U.S. Dist. LEXIS 158824 (E.D.N.Y. 2018). It is well-settled that "[r]elevance is … to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." State Farm Mut. Auto. Ins. Co. v. Fayda, 2015 U.S. Dist. LEXIS 162164 at *7 (S.D.N.Y. 2015) (quoting Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)); see Sky Med. Supply Inc. v. SCS Support Claim Servs., 2016 U.S. Dist. LEXIS 121215 (E.D.N.Y. 2016); see also Forsythe v. Midland Funding LLC, 2019 U.S. Dist. LEXIS 856 (E.D.N.Y. 2019).

Against this backdrop, it is clear that the Defendants will not honor their discovery obligations in this matter absent an Order from the Court compelling them to do so. Therefore, Plaintiffs respectfully request that the Court issue an Order: (i) compelling the Defendants to immediately provide complete responses, including responsive documents, to the Discovery Requests; and (ii) deeming all of the Defendants' non-privileged based objections to Plaintiffs' interrogatories waived. See, e.g., Government Employees Insurance Co., et al. v. Cean, M.D., et al., E.D.N.Y. Case No. 19-cv-2363, at Docket Entry dated October 29, 2019 and Docket No. 49 (in an analogous anti no-fault insurance fraud action, granting identical motion to compel responses to substantially similar discovery requests where defendants failed to timely respond, and deeming all non-privileged based objections waived).

We appreciate the Court's attention to this matter.

                              Respectfully submitted,

                              RIVKIN RADLER LLP
                              /s/ *Carissa Danesi*
                              Carissa Danesi, Esq.

Cc:    All counsel of record (via ECF)

---

[1] In addition to extensive email correspondence, Plaintiffs' counsel met and conferred with the Defendants' counsel via phone regarding the long-overdue responses on September 30, 2022, November 7, 2022, and December 15, 2022.